MEMORANDUM OPINION


No. 04-04-00235-CR

Nora NAVIN,
Appellant

v.

The STATE of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 03-05-11204
Honorable Mike Westergren, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 20, 2005

AFFIRMED
            Nora Navin appeals her conviction of assault on a public servant. Navin contends that the
evidence is legally and factually insufficient to support the jury’s finding that the officer in question
sustained bodily injury. Navin also contends that she received ineffective assistance of counsel. 
Because the issues in this appeal involve the application of well-settled principles of law, we affirm
the trial court’s judgment in this memorandum opinion. See Tex. R. App. P. 47.4.
            Navin first contends that the evidence is legally and factually insufficient to support a finding
that Officer Enrique Flores, Jr. sustained bodily injury as a result of her kicking him. In reviewing
the legal sufficiency of the evidence, we view the evidence in the light most favorable to the
prosecution to determine whether a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In our
factual sufficiency review, we must consider all of the evidence in a neutral light to determine
whether a jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient if, when considered
by itself, the evidence supporting the verdict is too weak to support the finding of guilt beyond a
reasonable doubt. Id. In addition, weighing both evidence supporting the verdict and evidence
contrary to the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, thereby making the evidence factually
insufficient. Id. at 484-485. We are not permitted to reweigh the evidence, rather we defer to the
trier-of-fact’s findings, particularly those based on credibility determinations. Cain v. State, 958
S.W.2d 404, 407-09 (Tex. Crim. App. 1997).
            “Bodily injury” is defined as “physical pain, illness, or any impairment of physical
condition.” Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp. 2004). “This definition appears to
be purposefully broad and seems to encompass even relatively minor physical contacts so long as
they constitute more than mere offensive touching.” Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim.
App. 1989). In this case, both Officer Flores and Officer Salazar testified that Navin was kicking
Officer Flores as he attempted to walk her to and place her into the police car. Officer Flores
testified that Navin was kicking back at him as he was walking behind her. Navin’s kicks were
landing on his legs above his knee. Officer Flores responded affirmatively when he was asked
whether the kicks caused him some kind of physical pain. Although Navin and her son testified that
Navin did not kick Officer Flores, the jury weighed the credibility of the witnesses and apparently
believed the officers’ testimony.
            Navin contends that the facts in this case are similar to those discussed by the Austin court
in In re M.C.L., 110 S.W.3d 591, 600 (Tex. App.—Austin 2003, no pet.). We disagree. The issue
in In re M.C.L. was whether the bodily injury, or cuts, sustained by the officer were caused by the
appellant kicking the officer or by the broken glass caused by the appellant kicking out the rear
windows of the police car. See id. The Austin court noted that the officer’s only testimony regarding
bodily injury was that his hands were cut with shards of glass. See id. Accordingly, the court was
unable to say that the bodily injury resulted from the appellant kicking the officer. See id.
            In the instant case, unlike In re M.C.L., Officer Flores stated that the kicks landed by Navin
caused him some physical pain. This testimony was legally and factually sufficient to support the
jury’s finding that Officer Flores sustained bodily injury as a result of Navin kicking him.
            Navin also contends that trial counsel was ineffective in failing to: (1) request an instruction
on the lesser included offense of resisting arrest; (2) request an instruction on the right to use force
to resist the officer’s use of excessive force; and (3) object to the absence of a definition of recklessly
in the charge. To prevail on a claim of ineffective assistance of counsel, Navin must first show by
a preponderance of the evidence that counsel’s performance was deficient, i.e., that his assistance
fell below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). In addition, Navin must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id. There is a strong
presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. 
Id. at 813. To defeat the presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Id. at 814.
            In this case, the record is silent with regard to counsel’s reasons for not requesting additional
instructions or objecting to the charge. The State speculates that counsel may not have requested the
instruction on the lesser included offense because any conviction would jeopardize Navin’s deferred
adjudication community supervision in another case. The State also speculates that counsel may not
have requested an instruction on Navin’s right to use force because the facts would not support the
submission of such an instruction. The State further speculates that counsel may not have objected
to the absence of a definition for the term “recklessly” because the culpable mental states for which
definitions were provided focused the jury’s attention on the culpable mental states that were more
burdensome to prove. Ineffective assistance of counsel claims, however, are not built on
retrospective speculation; they must be firmly founded in the record. Bone v. State, 77 S.W.3d 828,
835 (Tex. Crim. App. 2002). To find Navin’s trial counsel ineffective without a proper record
exploring counsel’s trial strategy would require this court to speculate as to counsel’s motivation and
reasoning, which we may not do. See id. Because the record is silent, the presumption of reasonable
professional assistance has not been defeated.
 
 
            The judgment of the trial court is affirmed.
 
Phylis J. Speedlin, Justice

DO NOT PUBLISH